UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALLIANCE RESEARCH INSTITUTE, LLC,

Plaintiff,

v.

Case No. 2:25-cv-284-KCD-NPM

NEMA RESEARCH, INC.,

Defendant.

_______________________________/

**ORDER**

Plaintiff Alliance Research Institute agreed to conduct a clinical trial for Defendant NEMA Research. (Doc. 1-2.) Alliance now sues for breach of that agreement, alleging NEMA has not paid for the work performed. (*See* Doc. 1.)

Alliance asks for summary judgment, asserting that the outstanding debt is undisputed. (Doc. 61.) NEMA counters with a sworn declaration from its president, insisting that Alliance never finished the job and so the debt is far from settled. (Doc. 65.) Alliance protests that the declaration is a self-serving fiction unsupported by documentary evidence. But in the Eleventh Circuit, even a non-corroborated affidavit based on personal knowledge can create an issue of material fact. *See United States v. Stein*, 881 F.3d 853, 857 (11th Cir. 2018). Because this dispute boils down to competing testimony

about Alliance's performance under the contract, summary judgment is **DENIED**.

## I. Background

To the extent material facts remain in dispute, the Court addresses them in the analysis below, viewing the record "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Alliance and NEMA signed a Clinical Investigation Agreement, tasking Alliance with running a clinical research trial. (Doc. 1-2.) To guard sensitive information, the parties also signed a Mutual Nondisclosure Agreement. (Doc. 61-10.) Everyone agrees on the basics: Alliance submitted nine invoices under the contract, and NEMA has not paid nearly $546,000. (Doc. 61 ¶ 9.) But that is where the parties' agreement on the facts ends.

According to Alliance, the clinical study proceeded smoothly, it addressed and documented all issues noted by NEMA, and NEMA confirmed that all such problems were resolved. NEMA had thirty days to pay each of the nine invoices. Yet the checks never arrived. Instead, Alliance had to hound NEMA for the money, leaving a paper trail of emails pleading for payment. (Docs. 61-4–61-9.) Alliance supports this version of events with a declaration from Victor Odogwu, who managed the clinical research trial. (Doc. 61-1.)

Not so says NEMA. Backed by a declaration from its president, Joseph V. Pergolizzi, NEMA insists that Alliance's performance under the contract was incomplete. (Doc. 65-1.) And Alliance otherwise breached the contract, subjecting the invoices to set-offs. For example, NEMA claims that Alliant has not yet provided the complete final written report of the study data required under the contract. NEMA also states that while some site monitoring visits occurred during the trial, "[t]hose visits did not resolve NEMA's later need for complete post-study records, source materials, reconciliation, validation, facility access, and personnel assistance." (*Id.* ¶ 7.) NEMA has filed a counterclaim, suing Alliant for breach of the confidentiality agreement and for failure to turn over the clinical study data and grant access to validate that data. (*See* Doc. 43.)

## II. Legal Standard

Summary judgment is not a substitute for trial. It is appropriate only "when a movant shows that there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law." *Gonzalez v. Indep. Ord. of Foresters*, No. 24-10758, 2025 WL 337898, at *2 (11th Cir. Jan. 30, 2025). "When deciding a motion for summary judgment, a judge is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Las Brisas Condo. Homes Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-CV-41-KCD,

2023 WL 8978168, at *1 (M.D. Fla. Dec. 28, 2023). If the record is so one-sided that a party must prevail as a matter of law, summary judgment is appropriate.

The mechanics are straightforward. The moving party bears the initial burden. They must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must then step up, go beyond the pleadings, and point to specific facts showing a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "An issue is genuine if a reasonable jury could return a verdict for the nonmoving party." *Do v. Geico Gen. Ins. Co.*, No. 1:17-CV-23041-JLK, 2019 WL 331295, at *2 (S.D. Fla. Jan. 25, 2019).

## III. Discussion

Alliance insists that NEMA has failed to show a genuine issue of material fact, largely because Pergolizzi's affidavit is unsupported by any actual facts. (Doc. 61 at 12.) But a litigant does not need a mountain of documentary evidence to survive summary judgment. An affidavit based on personal knowledge creates a genuine dispute of material fact all by itself—even if it is self-serving and uncorroborated. *Stein*, 881 F.3d at 857-59. Rule 56 demands only that a declaration be made on personal knowledge, set out admissible facts, and demonstrate the declarant's competence to testify on the matter. *See* Fed. R. Civ. P. 56(c).

Pergolizzi's declaration checks all the boxes. (Doc. 65-1.) He testifies from personal knowledge as NEMA's president, pointing to specific failures in Alliance's performance. He swears that Alliance never handed over the final written study report. He also insists that merely dropping data into an electronic database did not satisfy Alliance's duty to provide source-verified records. And he claims that Alliance breached their confidentiality agreement by pasting NEMA's proprietary pricing methodology onto the public docket without warning. Alliance might disagree with these assertions. At summary judgment, however, we do not get to weigh the evidence or decide who is telling the truth.

To be sure, a conclusory affidavit will not defeat summary judgment. *Stein*, 881 F.3d at 857. Similarly, "speculation does not suffice." *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009). But the declaration here provides specific, non-conclusory facts grounded in personal knowledge. Pergolizzi doesn't simply make a conclusory claim that Alliance breached the agreement. He explains *how* and then *why* the full amount of the invoices are not due. (*See, e.g.*, Doc. 65-1 ¶ 6 ("NEMA made requests for study data, records, and access associated with validation and certification. NEMA's position is that those requests and needs were not fully satisfied."); ¶ 8 ("NEMA does not agree that every study issue was resolved or that Alliance completed all post study obligations. The absence of a complete final report

and the unresolved data, records, and access issues impaired NEMA's ability to complete its own validation and certification work.").)

At this stage, all the Court can do is take the evidence presented in the light most favorable to NEMA and determine whether there is a genuine issue of fact. On this record, there is evidence to support NEMA's case for why the unpaid invoices are not owed. *See Celotex*, 477 U.S. at 325.

Although not entirely clear, Alliance also seems to suggest that Pergolizzi's declaration is a "sham affidavit" because it contradicts documents from discovery. (Doc. 61 at 13.) But there is no analysis behind those assertions, so the Court doesn't consider them here. *See United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2022) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").

One last issue. Alliance asks the Court to strike Pergolizzi's declaration as a discovery sanction under Rule 37. (Doc. 61 at 13.) True, Alliance has a motion for sanctions sitting on the docket. (Doc. 56.) But a requested sanction is not an actual sanction. Because no order currently bars NEMA from defending itself with competent evidence, Pergolizzi's declaration stays in the record. Alliance can present further argument if any sanctions award impacts the existing record.

## IV. Conclusion

The Court finds Pergolizzi's declaration sufficiently specific to create a triable issue of fact as to whether the parties' contract was breached and thus the contested invoices are not owed in full. Because the determination of whether NEMA breached the contract turns on competing testimony and witness credibility, this dispute must be resolved at trial. Accordingly, Plaintiff's motion for summary judgment (Doc. 61) is **DENIED**.

**ORDERED** in Fort Myers, Florida on September 10, 2026.

Kyle C. Dudek
United States District Judge